PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
|                                            ) | CASE NO. 1:25–CR–00204–14 |
|     Plaintiff,             ) | |
|                                            ) | |
|   v.                                ) | JUDGE BENITA Y. PEARSON |
|                                            ) | |
| SEAN MASTERS                               ) | **MEMORANDUM OF OPINION AND** |
|                                            ) | **ORDER** |
|     Defendant.             ) | [Resolving ECF Nos. 226, 227] |
|                                            ) | |

Pending before the Court are Petitions for Action on Conditions of Pretrial Release proceeding from a Bond Revocation Hearing for Defendant Sean Masters. ECF Nos. 226, 227. For the reasons below, the petitions are granted. Defendant shall be released and placed under pretrial release supervision. The Court reinstates all terms in the Order Setting Conditions of Release originally issued by the magistrate judge (ECF No. 52) and incorporates the new provisions in the petitions and discussed at the hearing.

**I. Background**

On May 1, 2025, a federal grand jury in the United States District Court for the Northern District of Ohio returned a multi–defendant indictment in *United States v. Brantley, et al.*[1] charging 19 individuals with various narcotics and firearms offenses. ECF No. 1. Among the indicted is Defendant Sean Masters, who stands accused of violating 21 U.S.C. § 846 (Conspiracy to Distribute and Possess with Intent to Distribute Cocaine) and 21 U.S.C. § 843(b)

---

[1] Case No. 1:25–CR–00204

(1:25CR204–14)

(Use of a Communications Facility to Facilitate a Felony Drug Offense). ECF No. 1. Defendant was arrested by United States Marshals and released on a signed Appearance Bond under pretrial release supervision (consistent with 18 U.S.C § 3142) and corresponding Order Setting Conditions of Release. ECF Nos. 48, 52; Minutes of proceeding [non–document] dated 05/06/2025. Defendant's trial is set to begin on March 9, 2026. ECF Nos. 181, 224.

Thereafter, Pretrial Services notified the Court that Defendant violated the conditions of his pretrial release.[2] ECF Nos. 106, 157, 180. As a consequence, the Court issued a Warrant and Defendant was again arrested. ECF No. 185. At an Initial Appearance on Bond Violation before the magistrate judge, Defendant requested a Bond Revocation Hearing with the Court. Minutes of proceeding [non–document] dated 05/06/2025. The Bond Revocation Hearing was held on August 28, 2025, at which Defendant, the Government, and Pretrial Services aligned to jointly submit Petitions for Action on Conditions of Pretrial Release. ECF Nos. 226, 227; Minutes of proceeding [non–document] dated 08/28/2025.

## II. Legal Standard

Release and detention orders in federal criminal proceedings are governed under the Bail Reform Act of 1984. 18 U.S.C. §§ 3141–3156. Courts are not accorded "unbridled discretion" when determining whether pretrial detention is appropriate. *United States v. Salerno*, 481 U.S. 739, 742–43 (1987). Initial pretrial release is specifically controlled by 18 U.S.C. § 3142, which directs that pretrial detention is appropriate only if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). *See, e.g.*, *United States v. Creed–Boehm*, No.

---

[2] Those violations include (1) missing mandatory drug tests (2) testing positive for cocaine; (3) failing to engage in substance abuse treatment programs; (4) discharge from suboxone therapy for nonattendance; and (5) failing to report to Pretrial Services. ECF Nos. 106, 157, 180.

(1:25CR204–14)

24–1685, 2025 WL 1145021, at *2 (6th Cir. Apr. 18, 2025). As such, a defendant may be released on their own recognizance if the court is reasonably assured that (1) they will appear at their next court date; and (2) they do not pose a danger to the community. 18 U.S.C. § 3142(a)–(c).

The default approach in the United States Court of Appeals for the Sixth Circuit is to release criminal defendants pending trial under supervised release. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). However, a defendant who violates the conditions of their supervised pretrial release, as Defendant did in this case, "is subject to a revocation of release, an order of detention, and a prosecution for contempt of court" under 18 U.S.C. § 3148(a). *See, e.g., Warren v. United States*, No. 21–1145, 2021 WL 9182947 (6th Cir. Sept. 17, 2021). As this Order emanates from a Bond Revocation Hearing, rather than an initial order setting conditions of release, the Court must analyze Defendant's violation under 18 U.S.C. § 3148 rather than 18 U.S.C. § 3142.[3] *United States v. Gotti*, 794 F.2d 773, 778 (2d Cir. 1986) (citing *United States v. McKethan*, 602 F. Supp. 719, 722 (D.D.C. 1985) (concluding that 18 U.S.C. § 3142 and 18 U.S.C. § 3148 provide "quite different" procedures for detention before trial); *see* Minutes of proceeding [non–document] dated 08/28/2025.

18 U.S.C. § 3148(b) provides two distinct procedural schemes by which a pretrial release violation can proceed to a district court. First, "the Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court." 18 U.S.C. §

---

[3] Pretrial detention orders under 18 U.S.C. § 3142 and 18 U.S.C. § 3148 require related yet manifestly distinct analyses. 18 U.S.C. § 3142 governs only *initial* pretrial detention orders, wherein a court determines whether a defendant will be (a) detained until trial; or (b) released under pretrial supervision. Conversely, 18 U.S.C. § 3148 takes effect only *after* issuance of an initial pretrial release order, and only *if* a defendant violates a condition of their supervised release.

3

(1:25CR204–14)

3148(b)(1). Second, a "judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release, and the person shall be brought before a judicial officer in the district in which such person's arrest was ordered for a proceeding in accordance with [18 U.S.C. § 3148]." *Id.* The plain text of 18 U.S.C. § 3148(b), therefore, authorizes a court, *sua sponte*, to initiate proceedings to revoke pretrial release when it learns of a supervised release violation.[4] *United States v. Pargellis*, No. 3:19–CR–00272–3, 2020 WL 5581361, at *2 (M.D. Tenn. Sept. 17, 2020) (holding that there was no violation of 18 U.S.C. § 3148(b) when the court, rather than the Government, initiated proceedings to revoke pretrial release); *United States v. Sirois*, No. 1:21–CR–00175–LEW–01, 2022 WL 1422202, at *2 (D. Me. May 5, 2022) (concluding that 18 U.S.C. § 3148 authorizes a court to "initiate a proceeding, independently from the Government attorney, for the revocation of release and an order of detention when U.S. Pretrial Services informs the Court, by petition, of an alleged violation") (quoting *United States v. Roland*, No. 1:05MJ111, 2005 WL 2318866, at *2 (E.D. Va. Aug. 31, 2005)).

A court order resolving pretrial detention after a violation of supervised release requires a two–step statutory analysis. 18 U.S.C. § 3148(b). Step one determines, as a threshold matter, whether there has actually been a violation of a condition of supervised release. 18 U.S.C. § 3148(b)(1). If a violation is found, step two then assesses whether the subsequent revocation of pretrial release is appropriate under the circumstances. 18 U.S.C. § 3148(b)(2). Revocation of

---

[4] There is "a dearth of case law" interpreting 18 U.S.C. § 3148 in both the Sixth Circuit and other federal appellate courts. *Pargellis*, 2020 WL 5581361, at 2.a. That said, this Opinion is consistent with other district courts that have rejected a strict constructionist approach to the statute. *See, e.g.*, *United States v. King*, No. 5:08CR26–02, 2008 WL 11429360, at *2–3 (N.D. W.Va. Sept. 25, 2008); *United States v. Koerber*, No. 2:17–CR–00037–FB–PMW, 2019 WL 3937024, at *2 (D. Utah Aug. 20, 2019); *United States v. Blechman*, 782 F. Supp. 2d 1238, 1252 (D. Kan. 2011); *contra United States v. Herrera*, 29 F. Supp. 2d 756, 760 (N.D. Tex. 1998).

(1:25CR204–14)

pretrial release is mandatory only if, after a hearing, the court concludes under step one that there is:

> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; *or*
>
> (B) clear and convincing evidence that the person has violated any other condition of release;

*and* the court further concludes, under step two, that:

> (A) based on the factors set forth in [18 U.S.C. § 3142(g)] . . . there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; *or*
>
> (B) the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. § 3148(b)(1)–(2) (emphasis added); 73 A.L.R. Fed. 3d Art. 2 (2022) ("[T]he court must revoke pretrial release and order the defendant's detention if certain requirements are met.")  A court's findings in a pretrial release order will not be disturbed unless they are clearly erroneous.  *United States v. Hazime*, 762 F.2d 34 (6th Cir. 1985).

### III. ANALYSIS

Guided by 18 U.S.C. § 3148(b)(1)(B), the Court applies step one and finds, by clear and convincing evidence, that Defendant violated the mandatory conditions of his pretrial release. ECF No. 52;  Minutes of proceeding [non–document] dated 08/28/2025.  At the time of his initial arrest, Defendant tested positive for cocaine and buprenorphine/naloxone,[5] both regulated narcotics under the Controlled Substances Act.  ECF No. 106;  21 U.S.C. § 812.  The terms of Defendant's pretrial release required him to comply with random drug testing and to complete assessment for substance abuse treatment.  ECF Nos. 52, 106.  After release, Defendant has (1)

---

[5] Sold under the brand name suboxone, among others.

5

(1:25CR204–14)

failed to appear for three drug tests; (2) tested positive for cocaine; (3) failed to schedule outpatient treatment services; (4) been discharged from a prescribed suboxone therapy program for failure to attend; and (5) twice failed to report as ordered to Pretrial Services.  ECF Nos. 106, 157, 180;  Minutes of proceeding [non–document] dated 08/28/2025.  Consequently, the Court finds that these reports constitute clear and convincing evidence that Defendant violated the mandatory conditions of his pretrial release under 18 U.S.C. § 3148(b)(1)(B).  *See* Auto. Techs. Int'l, Inc. v. Delphi Corp., 776 F. Supp. 2d 469, 477 (E.D. Mich. 2011) (concluding that "clear and convincing evidence exists when the movant places in the ultimate factfinder an abiding conviction that the truth of its factual contentions are highly probable") (citing Colorado v. New Mexico, 467 U.S. 310, 316 (1984)) (citation modified).

    The Court next applies step two and finds that bond revocation and pretrial detention is unnecessary because it determines that Defendant (a) "will not flee"; (b) does not "pose a danger to the safety of any other person or the community"; and (c) is likely "to abide by any condition or combination of conditions of release."[6] 18 U.S.C. § 3148(b)(1)(B).  This determination is consistent with the Sixth Circuit's longstanding recognition of the broad discretion afforded to lower courts when setting conditions of supervised pretrial release for criminal defendants.  United States v. Hill, 95 F.3d 1153 (6th Cir. 1996) (holding that the district court did not err when establishing additional conditions of pretrial release); *see, e.g.*,

---

[6] The Court makes this determination, as commanded by 18 U.S.C. § 3148(b)(1)(B), using the pretrial release factors enumerated in 18 U.S.C. § 3142(g), including: (a) the nature of the offense; (b) the strength of the evidence; (c) Defendant's history and characteristics (including community ties, conduct, and criminal record); (d) the potential danger posed by release; and (e) that the collateral offered for bond comes from a legitimate source that reasonably assures Defendant's appearance.  18 U.S.C. § 3148(b)(1)(B);  18 U.S.C. § 3142(g)(1)–(4).  *See, e.g.*, United States v. Haley, No. 24–6078, 2025 WL 674224, at *2 (6th Cir. Feb. 27, 2025).

(1:25CR204–14)

*United States v. Nero*, 854 F. App'x 14, 18 (6th Cir. 2021); *United States v. Bothra*, 838 F. App'x 184, 185 (6th Cir. 2021); *United States v. Scarborough*, 821 F. App'x 598, 600 (6th Cir. 2020).

### IV. CONCLUSION

Accordingly, the Petitions for Action on Conditions of Pretrial Release (ECF Nos. 226, 227) are granted for the reasons above. Defendant shall be released and returned to pretrial release supervision. The Court reinstates all terms originally imposed in the Order Setting Conditions of Release (ECF No. 52) (acknowledged by Defendant's signature on the Appearance Bond (ECF No. 48)) and incorporates the following new provisions:

    (A) Defendant is released to the custody of his brother, Joe Masters, who agrees to (1) supervise Defendant; (2) use every effort to assure Defendant's appearance at all court proceedings; and (3) notify the court immediately if Defendant violates a condition of his release or is no longer in the custodian's custody.

    (B) In light of the Court's findings concerning Defendant's ongoing substance abuse issues and corresponding work in the trades industry, and for the purpose of ensuring public safety and mitigating potential liability, the Court directs that notice of Defendant's substance abuse and present condition be provided to any current employers and/or contracting entities with whom Defendant maintains professional or commercial relationships. This notification shall be limited to only such information necessary to inform said employers and/or contracting entities of the risks associated with Defendant's

7

(1:25CR204–14)

continued substance abuse in order to preclude any potential liability or harm to the public arising from lack of notice.

IT IS SO ORDERED.

| | |
|---|---|
| September 2, 2025 | /s/ *Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |